NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

**COURTYARD MANOR OF
LIVONIA, Respondent.**

No. 04–1858.

United States Court of Appeals,
Sixth Circuit.

Aug. 19, 2004.

Aileen A. Armstrong, Dep. Asso. Gen. Counsel, Linda Dreeben, Washington, DC, for Petitioner.

Courtyard Manor of Livonia, Livonia, MI, pro se.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

*JUDGMENT*

The National Labor Relations Board (the "Board") applies for summary enforcement of its April 21, 2004, decision and order in Cases No. 7–CA–46860, 7–CA–46907, and 7–CA–47054 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. *See* 29 U.S.C. § 160(e).

It therefore is **ORDERED** and **ADJUDGED** that the Board's decision and order in Cases No. 7–CA–46860, 7–CA–46907, and 7–CA–47054 is hereby enforced. The respondent, Courtyard Manor of Livonia, its officers, agents, successors, and assigns, shall abide by the provisions of said decision and order. (See Attachments.)

**ORDER**

The National Labor Relations Board orders that the Respondent, Courtyard Manor of Livonia, Livonia, Michigan, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Suspending, terminating, or otherwise discriminating against employees because they join and assist Local 79, Service Employees International Union, AFL–CIO, or any other labor organization, and to discourage employees from engaging in such activities.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Within 14 days from the date of this Order, offer Angela Thomas, Teresa Benton, and Tanissa May full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority

or other rights and privileges previously enjoyed.

(b) Make whole Angela Thomas, Teresa Benton, and Tanissa May for any loss of earnings and other benefits suffered as a result of their unlawful suspensions and terminations, with interest, in the manner set forth in the remedy section of this Decision.

(c) Within 14 days from the date of this Order, remove from its files any and all references to the unlawful suspensions and terminations of Angela Thomas, Teresa Benton, and Tanissa May, and within 3 days thereafter, notify them in writing that this has been done and that the unlawful suspensions and terminations will not be used against them in any way.

(d) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(e) Within 14 days after service by the Region, post at its facility in Livonia, Michigan, copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be tak-

en by the Respondent to ensure that the notices are not altered, defaced or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since November 17, 2003.

(f) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

APPENDIX

NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit or protection

---

1. If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

Choose not to engage in any of these protected activities.

WE WILL NOT suspend, terminate, or otherwise discriminate against employees because they join or assist Local 79, Service Employees International Union, AFL–CIO, or any other labor organization, and to discourage employees from engaging in these and other protected concerted activities.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL, within 14 days from the date of the Board's Order, offer Angela Thomas, Teresa Benton, and Tanissa May full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges previously enjoyed.

WE WILL make whole Angela Thomas, Teresa Benton, and Tanissa May for any loss of earnings and other benefits suffered as a result of their unlawful suspensions and terminations, with interest.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any and all references to the unlawful suspensions and terminations of Angela Thomas, Teresa Benton, and Tanissa May, and WE WILL, within 3 days thereafter, notify them in writing that this has been done, and that the unlawful suspensions and terminations will not be used against them in any way.